HEATHER E. WILLIAMS, CA SBN #122664
Federal Defender
HANNAH R. LABAREE, SBN #294338
Assistant Federal Defender
801 "I" St.
Sacramento, CA 95822
Telephone: (916)498-5700
Fax: (916)498-5710

Attorneys for Defendant
MYRA MINKS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MYRA MINKS,<br><br>Defendant. | Case No. 2:22-cr-137 JAM<br><br>NOTICE OF MOTION; MOTION FOR BAIL REVIEW<br><br>Date: August 4, 2022<br>Time: 2:00 P.M.<br>Judge: Honorable Jeremy Peterson |

**TO:   PHILLIP A. TALBERT, UNITED STATES ATTORNEY AND JUSTIN LEE, ASSISTANT UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:**

**PLEASE TAKE NOTICE** that on August 4, 2022, at 2:00 P.M., or as soon thereafter as counsel may be heard, Defendant Myra Minks, by and through counsel, Assistant Federal Defender Hannah Labaree, will bring the following motion for bail review for hearing before the Honorable Jeremy Peterson, United States Magistrate Judge.

Ms. Minks will move this Court for her release under 18 U.S.C. § 3142(f), based on information "that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community," namely: 1) the presence of suitable co-signers to an unsecured bond; and 2) a stable release plan.

//

### I. PROCEDURAL BACKGROUND

Ms. Minks was charged by Indictment on June 16, 2022. She made her initial appearance in this court on July 11, 2022. CR 30. The government moved for detention pursuant to 18 U.S.C. § 3142(f)(1), and the federal defender submitted on the issue; Ms. Minks was ordered detained. *See* CR 33 (Order of Detention Pending Trial). She now moves to reopen the hearing under subsection (f).

### II. GOVERNING LAW

#### a. Standard under the Bail Reform Act

Among the other charges, Ms. Minks is charged with a violation of 21 U.S.C. § 846, 841(a)(1), conspiracy to distribute marijuana (Count 1). That is the sole count which authorizes detention under 18 U.S.C. § 3142(f)(1), and it is also the basis for the presumption of detention under the Bail Reform Act under 18 U.S.C. § 3142(e)(3). Despite this statutory presumption, so long as Ms. Minks "come[s] forward with some quantum of evidence contrary to the fact presumed by statute… [she] has met [her] obligation." *United States v. Hurtado*, 779 F.2d 1467, 1470 (11th Cir. 1985) (emphasis added). "The ultimate burden of persuading the trial judge or the magistrate still rests with the government." *Ibid*. Doubts regarding the propriety of release are to be resolved in favor of defendants. *U.S. v. Townsend*, 897 F.2d 989 (9th Cir. 1990).

##### i. Flight Risk

The government must show a serious risk of flight by the preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

##### ii. Danger to the Community

To show that preventive pretrial detention is the only option available to protect the community from Ms. Minks, the government must demonstrate by "clear and convincing evidence" an articulable future danger posed by her release. *See United States v. Motamedi*, 767

2
MINKS/Motion for Bail Review

at 1406; *and see United States v. Salerno*, 481 U.S. 739, 750–51 (1987) (finding preventive detention constitutional only because of the strict standard in the Bail Reform Act) (emphasis added); *United States v. Munchel*, 2021 WL 1149196, at *7 (D.C. Cir. Mar. 26, 2021) (identifying this standard as the "crux of the constitutional justification for preventive detention under the Bail Reform Act.").

Put another way, the government's claim must "be supported by clear and convincing evidence" that Ms. Minks actually poses a danger, not that she in theory poses a danger. *See United States v. Patriarca*, 948 F.2d 789, 792 (1st Cir. 1991); *and see, e.g., United States v. Marquez*, 2018 WL 4773152 (N.D. Cal. 2018) (gun sale defendant no longer danger because guns were seized); *United States v. Miller*, 2018 WL 6977619 (S.D. Fla. 2018) (once drug dealer was arrested, other drug dealers avoid him).

Even if the Court finds that the government has met its burden on that point, it must nevertheless release Ms. Minks if it can set conditions of release that would reasonably assure the safety of the community. "[R]easonably assure" does not mean "guarantee." *United States v. Hir*, 517 F.3d 1081, 1092 n.9 (9th Cir. 2008).

**b.     New Information**

Ms. Minks was raised in the Bay Area. She has a 10 year old son whose life has been lived entirely in California. She owns property in the Bay Area. She has family in Sacramento and the Bay Area. Her ties to the community of Northern California are strong.

Ms. Minks is highly motivated to stay out of custody so that she may provide care for her son. Her motivation to be released is entirely based on the need to care for her son and she will abide by any conditions this Court imposes, including any curfew and ankle monitoring, that will enable her to place her son in a safe home environment.

3

MINKS/Motion for Bail Review

Ms. Minks offers three longtime friends as co-signers to an unsecured bond in any amount. If released, Ms. Minks and her son will reside with a friend in Antioch, California. The same friend is one of the three proposed co-signers to an unsecured bond. The details of this information will be provided to Pretrial Services prior to the bail hearing.

### III.	CONCLUSION

Ms. Minks has set forth sufficient new information to reopen the detention hearing under subsection (f).

Respectfully submitted,

HEATHER E. WILLIAMS
Federal Defender

Date: July 28, 2022

/s/ *Hannah R. Labaree*
HANNAH LABAREE
Assistant Federal Defender
Counsel for Defendant
MYRA MINKS